UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN AQUILAR and DOUGLAS L. McCADAM, et al,<br><br>Defendants. | Case No. 4:11-cr-298-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Juan Aguilar and Douglas L. McAdam's motions to suppress evidence obtained from use of a GPS tracker (Dkts. 59, 72). The motions are fully briefed and at issue. For the reasons expressed below, the Court will DENY the Motion to Suppress Evidence.

## BACKGROUND

The following facts, although set forth in the Defendants' briefing, have been stipulated to by the Government. On October 28, 2011, Idaho State Police Detectives placed a GPS tracker on a gray 2008 Chevrolet Impala, registered to Juan Aguilar. The vehicle was parked in front of a residence just off the public road. On November 7, 2011,

detectives again installed the GPS tracker on the same vehicle while it was parked in a casino parking lot. A tracker remained on the vehicle and was monitored until November 24, 2011. The officers did not obtain a warrant to place the GPS tracker on the vehicle. *Def.'s Br.* at 1-2, Dkt. 60; *Def.'s Reply* at 2, Dkt. 94.

## LEGAL STANDARD

The Fourth Amendment declares that people shall have the right "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." *United States v. Chadwick*, 433 U.S. 1, 12 (1977). A vehicle is an "effect" as used in the Fourth Amendment. *Id.* The United States Supreme Court recently held "that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" within the meaning of the Fourth Amendment. *United States v. Jones*, 132 S.Ct. 945, 949 (2012). Defendants argue and the Government acknowledges that, under *Jones,* the placement and subsequent use of a GPS device constitutes a search under the Fourth Amendment which requires a search warrant. *Gov.'s Resp.* at 2, Dkt. 79. However, that does not end the inquiry.[1] Rather, the Court must further consider whether the law enforcement agents acted with objective reasonable reliance on then-existing precedent permitting the attachment and subsequent use of a GPS tracking device.

---

[1] For the moment, the Court will set aside the issue of whether the defendants have standing to exclude the evidence obtained by virtue of the GPS monitoring. This issue may provide an additional ground for denying the motion to suppress. A recent case out of Florida has noted that "to the extent that *Jones* relies upon a theory of trespass upon private property," defendants did not have standing to challenge trespass upon the car to which they had no rights. *United States v. Hanna*, 2012 WL 279435, *3 (S.D.Fla. Jan. 30, 2012)

# ANALYSIS

Initially, the Court notes that an evidentiary hearing is not necessary in this case. An evidentiary hearing on a motion to suppress is required only if contested issues of fact going to the validity of the search are in issue. *See United States v. Walzcak*, 783 F.2d 852, 857 (9th Cir. 1986) (citing *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979)). Here, the Government concedes the factual assertions set forth in the defendants' motions and supporting briefs regarding the use of a GPS Tracker. Accordingly, an evidentiary hearing on the motion to suppress was not warranted.

The judicially created exclusionary rule is "a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 131 S.Ct. 2419, 2423 (2011). The purpose of the exclusionary rule "is to deter future Fourth Amendment violations." *Id*. at 2426. "But when the police act with an objectively reasonable good-faith belief that their conduct involves only simple, isolated negligence, the deterrence rational loses much of its force, and exclusion cannot pay its way." *Id*. at 2427-28. In *Davis*, which was issued a year prior to the *Jones* decision, the Supreme Court ruled that the exclusionary rule does not apply to "searches conducted in objectively reasonable reliance on binding appellate precedent [that is later overruled] … [b]ecause suppression would do nothing to deter police misconduct in [those] circumstances." *Id*. at 2423-24.

At the time the GPS devices were used in this case, binding precedent in the Ninth Circuit established that the warrantless attachment of GPS devices did not violate the Fourth Amendment. *See United States v. McIver*, 186 F.3d 1119, 1126 (9th Cir. 1999). More recently, the Ninth Circuit held that placing a GPS tracker on a vehicle while the vehicle was parked in a private driveway did not constitute a search under the Fourth Amendment. *See United States v. Pineda-Moreno*, 591 F.3d 1212, 1215 (9th Cir. 2010), *judgment vacated by Pineda-Moreno v. United States.*, 132 S.Ct. 1533 (2012). The court in *Pineda-Moreno* further held that monitoring such tracking devices did not constitute an impermissible search under the Fourth Amendment. *Id.* at 1216-17. Thus, law enforcement officers, when they placed the GPS tracker on Mr. Aguilar's car in October and November of 2011, were acting in objectively reasonable reliance on the binding appellate precedent provided by *McIver* and *Pineda-Morales*.[2] Accordingly, the exclusionary rule will not be applied here because suppression of the evidence obtained would do nothing to deter police misconduct. *See Davis supra.*

## ORDER

**IT IS ORDERED that** Defendants' Motions to Suppress Evidence Obtained from Use of a GPS Tracker (Dkts. 59, 72) are **DENIED**.

---

[2] At least two district courts within the Ninth Circuit have addressed this specific issue, holding that while the defendant's Fourth Amendment rights were violated by the attachment and use of a GPS tracking device, the exclusionary rule does not apply because suppression of the evidence would not yield appreciable deterrence. *See United States v. Leon*, 2012 WL 1081062 (D. Haw. Mar. 28, 2012); *see also United States v. Nwobi*, 2012 WL 769746 (C.D.Cal. Mar. 7, 2012).



DATED: May 7, 2012

B. Lynn Winmill
Chief Judge
United States District Court